UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN BRANHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:11cv0230 TCM |
| ) | |
| HUNTER'S VIEW, LTD., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending in this diversity action is the opposed motion of plaintiff, Sean Branham, to remand his action to the state court from which it was removed.[1] [Doc. 14]

**Background**

Plaintiff, a Missouri resident, alleges in his complaint that he was injured when installing a tree stand for hunting. (Compl. ¶ 12.) The tree stand was designed, manufactured, and/or distributed by defendant Hunter's View Ltd. (Hunter's), an Illinois corporation.[2] (Id. ¶¶ 2, 3,12.)

Plaintiff filed his complaint in state court in March 2010. Each prayer for damages in the two counts against Hunter's simply requests judgment in an amount in excess of $25,000.00.

In August 2010, Plaintiff executed medical authorization release forms pursuant to a discovery request by the two Wal-Mart Store defendants. See note 2, supra. In November

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]The complaint also alleged that the tree stand was sold at a Wal-Mart store. The two Wal-Mart defendants have been dismissed.

2010, Plaintiff executed medical authorization release forms pursuant to a discovery request by Hunter's. That same month, in his answer to an interrogatory, number 15, asking for the dollar amount of damages he was seeking, Plaintiff responded, "Undetermined at this time." (Doc. 18-2 at 10.) He also could not yet specify the amount of lost wages he was seeking.[3] (Id. at 12.)

In January 2011, in response to a motion to compel, Plaintiff produced a list of his medical bills during the period from December 1, 2005, to August 15, 2006, inclusive. (Doc.1-4 at [2].) The bills totaled $32,917.41. (Id.) A few days later, in response to Hunter's first requests for admission, Plaintiff admitted that the amount in controversy exceeds $75,000.00. (Doc. 1-5 at 1.)

Within thirty days of receiving Plaintiff's list of medical bills, Hunter's removed the case to federal court.

It is undisputed that there is diversity of citizenship and that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a) (granting original jurisdiction to district courts in cases in which, inter alia, parties are of different states and the amount in controversy exceeds sum of $75,000) and 28 U.S.C. § 1441(b) (permitting removal of cases from state courts that could have been originally filed in district courts). The dispute is about whether the removal is timely. The resolution of this dispute focuses on what document is an "other paper" within the meaning of 28 U.S.C. § 1446(b). Plaintiff argues his signed forms

---

[3]Plaintiff is a self-employed chiropractor.

authorizing Hunter's to obtain copies of his medical records qualifies as an "other paper." Hunter's disagrees, arguing that the "other paper" is the list of Plaintiff's medical expenses.

## Discussion

"The removal statutes provide a thirty-day deadline by which a defendant must file a notice of removal." **Knudson v. Sys. Painters, Inc.**, 634 F.3d 968, 973 (8th Cir. 2011) (citing 28 U.S.C. § 1446(b)). "'[T]he thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.'" **Id.** at 974 (quoting In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)). "This rule . . . 'promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know.'" **Id.** When a plaintiff is prohibited from stating the amount of controversy in his complaint, for instance, in compliance with Missouri Rule of Civil Procedure 55.19, the complaint itself does not trigger the running of the thirty-day deadline. **Id.**

Section 1446(b) further provides, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable . . . ." (Emphasis added.) "All of the document types listed in § 1446(b) are commonly produced in the course of litigating an individual case of any complexity, and each might introduce a new element into the case which could affect jurisdiction. . . The types of documents mentioned in § 1446(b) are listed in a logical sequence in the development of an individual case." **Dahl**

**v. R.J. Reynolds Tobacco Co.**, 478 F.3d 965, 969 (8th Cir. 2007) (internal citation omitted). "[T]he words 'order or other paper' follow immediately after amended pleading and motion . . . ." **Id.** "[C]ourts have interpreted the 'other paper' in § 1446(b) to apply to papers and documents involved in the case being removed." **Id.**

Plaintiff argues that the signed forms authorizing Hunter's to obtain his medical records are "other paper" for purposes of § 1446(b).[4] The Court disagrees. The signed forms are a method by which Hunter's could obtain information on the damages sought by Plaintiff but they do not, in and of themselves, contain any information indicative of the amount of damages Plaintiff seeks. Documents found to be an "other paper" for removal purposes consistently themselves contained information from which it could reasonably be ascertained that the case was removable. For instance, in **Chaganti & Assocs. P.C. v. Nowotny**, 470 F.3d 1215, 1221 (8th Cir. 2006), the "other paper" was a response to a motion to transfer in which a federal question for raised for first time. In **In re Willis**, 228 F.3d at 896, the "other paper" was an offer of judgment. See also **Addo v. Globe Life and Acc. Ins. Co.**, 230 F.3d 759, 761 (5th Cir. 2000) (post-complaint demand letter was "other paper"); **State Farm Fire and Cas. Co. v. Valspar Corp.**, — F. Supp.2d — , 2010 WL 3934331, *3 (D. S.D. 2010) (finding that relevant inquiry was whether settlement demand *itself* "clearly and unequivocally provide[d] the requisite notice of removability"). And, as noted by Plaintiff, "[m]ultiple cases . . . have held that discovery responses . . . are sufficient 'other paper' to trigger the thirty day limit on

---

[4]Plaintiff also argues that the time for removal should begin when he submitted the signed forms to Hunter's former co-defendants because they were represented by the same attorney. The Court declines to reach this argument as the signed release forms do not, regardless of which party they were submitted to, start the time for removal running.

removal." (Pl. Mem. at 4.)  These responses, however, include the relevant information themselves.  See e.g. **Bechtelheimer v. Continental Airlines, Inc.**, — F. Supp.2d —, 2010 WL 5140829, *2 (M.D. Fla. 2010) (document at issue was interrogatory answers listing medical expenses in excess of jurisdictional amount); **Ford v. Shoney's Rests., Inc.**, 900 F. Supp. 57, 59 (E.D. Tex. 1995) (document at issue was discovery response listing medical expenses).  Similarly to the documents at issue in these two cases cited by Plaintiff,[5] in January 2011 Plaintiff provided a list of medical expenses.  The action was removed within thirty days of this "other paper."  See **Vartanian v. Terzian**, 960 F. Supp. 58, 62 (D. N.J. 1997) (complaint which alleged only state court jurisdictional minium, in compliance with state procedural rule, did not become removable until defendant received written statement of damages).

To have the thirty-day period for removal start when a plaintiff provides a defendant a signed release form would negate the "certainty and judicial efficiency" § 1446(b) seeks to

---

[5]Plaintiff also cites **Filbert v. Joseph T. Ryerson & Son, Inc.**, 2010 WL 4720091, *3 (E.D. Mo. 2010), in support of his position.  The discovery response in that case was photocopies of the plaintiff's left hand showing the amputation of two entire fingers and of portions of two other fingers.  Clearly, a defendant could (and, in that case, did) reasonably ascertain that the amount in controversy in a tort action for injuries to the plaintiff's left hand was in excess of $75,000.00 when the injuries included amputations of four of the five fingers.  Also in that case, the court held that the allegations in the amended petition that plaintiff's left hand was "severely and/or seriously injured" when it was smashed between rollers were not such that the defendant could reasonably ascertain that the petition was removable.  **Id.** at *1.  Thus, the time for removal did not begin running until the photocopies were produced.

In the instant case, Plaintiff alleges only that he "sustained bodily injuries," including "tearing and shearing" of tendons and ligaments in his wrists and injuries to his left bicep and shoulder.  (Compl. ¶ 20.)  He underwent surgery and physical therapy.  (Id.)  These allegations are insufficient to trigger the thirty-day removal period.  Indeed, Plaintiff does not argue to the contrary.

The Court also notes that Plaintiff states in his memorandum in support of his motion to remand that he dropped approximately twenty feet when the tree stand failed.  (Mem. at 1.)  This allegation is not, however, in his complaint.

promote. See **Knudson**, 634 F.3d at 974. The form itself does not include any information that would enable the recipient to ascertain whether the case was removable. Moreover, whether a defendant actually received the information in time to remove the case would depend on the actions of a non-party. In short, Plaintiff's construction of the term "other paper" would change the defining adjective to "any."[6]

## Conclusion

Although "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court," **Knudson**, 634 F.3d at 975 (internal quotations omitted), there is no doubt in the instant case that the thirty-day period for removal began when Hunter's received Plaintiff's list of medical expenses. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**. [Doc. 14]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of May, 2011.

---

[6]In a case cited by Plaintiff, **Parker v. County of Oxford**, 24 F. Supp.2d 292, 294 (D. Me. 2002), the court listed examples of "other paper[s]," including "letters from opposing counsel, correspondence between parties, affidavits, proposed jury instructions, answers to interrogatories, motions for summary judgment, and documents produced in discovery." Each of these documents would themselves include information relating to the removability of a case and their production would provide a date certain from which the thirty-day deadline would begin to run. In contrast, Plaintiff's releases included only the names and addresses of the health care provider from which information was sought. Whether a defendant could timely remove a case if a release form were an "other paper" would then be up the whims of the recipient of the signed form.